IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marquita Smith, | No. 8:15-cv-02165-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| Warden Marian Boulware, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 25), recommending that Respondent's Motion for Summary Judgment be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background[1]

In August of 2007, Petitioner was indicted for accessory before the fact of a felony (murder), accessory before the fact of a felony (burglary first degree), accessory before the fact (kidnapping), and accessory before the fact (armed robbery). The charges arose out of events of August 1-2, 2007, where Petitioner's cousin, Dexter Perry, was kidnaped, robbed and killed. Petitioner was charged as an accessory and her co-defendants were charged as principals. At trial, the State argued that Petitioner "set [Perry] up" and "lured him to be robbed by [her co-defendants]." (Dkt. No. 13-1 at 115).

---

[1] Neither party objects to the R&R's recitation of relevant procedural background on pages 1-16. The Court adopts this portion of the R&R and only includes a brief summary here.

On August 27, 2007, Petitioner and two co-defendants proceeded to a jury trial. Petitioner's trial counsel made a motion for continuance and a motion for severance, and both motions were denied. At trial, the State only proceeded on the charges of accessory before the fact of a felony (murder) and accessory before the fact of a felony (armed robbery). (Dkt. No. 13-1 at 61). Petitioner was convicted of both charges.

Petitioner filed a direct appeal raising whether the lower court erred in denying Petitioner's motions for a continuance and severance, and the South Carolina Court of Appeals affirmed the conviction. Petitioner filed a PCR application raising seventeen ineffective assistance of counsel claims. The PCR application was dismissed. Petitioner filed a belated appeal under *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), and the South Carolina Supreme Court denied the petition for writ of certiorari from the denial Petitioner's first PCR application.

The instant habeas petition was timely filed on May 28, 2015, raising ten grounds for relief, nine of which allege that trial counsel or appellate counsel was ineffective. The Magistrate Judge recommended granting summary judgment on each of Petitioner's grounds for relief. (Dkt. No. 25). Petitioner filed objections to portions of the R&R. (Dkt. No. 34).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions

of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## C. Habeas Review of Ineffective Assistance of Counsel

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105, (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Id.*

## III. Discussion

### A. Non-cognizable Ground - Ground Ten

In this ground, Petitioner alleges that South Carolina Supreme Court violated Petitioner's equal protection and due process rights when it denied her the opportunity to file a Petition for Writ of Certiorari to the South Carolina Court of Appeals. (Dkt. No. 1-1 at 28-29). The Magistrate Judge found this ground was not a cognizable ground for habeas relief. (Dkt. No. 25 at 24-25). Petitioner does not object to this finding by the Magistrate Judge. (Dkt. No. 34 at 23).

-4-

The Court agrees with the Magistrate Judge, adopts this portion of the R&R, and grants summary judgment on Ground Ten.

### B. Procedurally Barred Claim - Ground One (B)

In Ground One (B), Petitioner alleges that trial counsel was ineffective for failing to adequately argue Petitioner's motion for continuance. (Dkt. No. 1-1 at 3). The Magistrate Judge found that this issue was procedurally barred. (Dkt. No. 25 at 25). Petitioner has not objected to this finding by the Magistrate Judge. (Dkt. No. 34 at 5). The Court agrees, adopts this portion of the R&R, and grants summary judgment on this ground.

### C. Ground One (A)

In Ground One (A), Petitioner alleges that trial counsel was ineffective for failing to adequately argue Petitioner's pre-trial motion for severance. (Dkt. No. 1-1 at 3). In particular, Petitioner argues that trial counsel should have argued that because Petitioner was being tried as an accessory and her co-defendants were being tried as principals, the jury instructions would be "unreasonably complex and confusing." (Dkt. No. 34 at 4-5).

The PCR court found that trial counsel properly made the motion for severance, noting that under South Carolina law, a severance "should be granted only where there is a serious risk that a joint trial would compromise a specific trial right of a co-defendant or prevent the jury from make a reliable judgment about a co-defendant's guilt." (Dkt. No. 13-5 at 401). The Court finds the PCR court's application of *Strickland* reasonable. Petitioner has not submitted any evidence that the trial court would have granted Petitioner's motion had trial counsel made this particular argument. Co-defendants that are charged as principals and accessories are regularly tried together without the resulting jury instructions being unconstitutionally confusing.

**D. Ground Two**

In Ground Two, Petitioner alleges that trial counsel was ineffective for failing to adequately cross-examine state witness and co-defendant Kerry Hollins. (Dkt. No. 1-1 at 10). In particular, Petitioner argues that trial counsel should have elicited testimony from Hollins that Petitioner was unaware of a plan for Petitioner's co-defendants to bring weapons. (*Id.* at 10-11). Hollins testified at the PCR proceeding that he would have so testified at trial if he had been asked. (Dkt. No. 13-5 at 233, 236).

At the PCR hearing, trial counsel testified that he was concerned that "if Hollins was getting up there testifying against [Petitioner], . . . we knew he was adverse to our position, was going to do whatever it took to solidify hopefully his and get a better [plea] deal. So my concern then is I didn't know what he was going to say until he got up there and said, well, [Petitioner] was in on it the whole time . . ." (Dkt. No. 13-5 at 174; *see also id.* at 176 ("Our problem was we just didn't know what his version was going to be.")). Petitioner argues trial counsel was ineffective for not interviewing Hollins to ascertain what his testimony would be. Trial counsel testified at trial that because Hollins was "testifying for the State, I assumed he probably would not talk to me" and that he typically advises clients to not speak to a co-defendant if they are going to be a testifying witness. (Dkt. No. 13-5 at 182).

The PCR court found these explanations credible and reasonable, and that trial counsel's cross-examination met *Strickland.* (Dkt. No. 13-5 at 400, 404-05). The Court finds the PCR court's determination a reasonable application of *Strickland.*

In her objections, Petitioner argues that Hollins' pre-trial statement to law enforcement was not "very divergent" from Petitioner's statement, and that, therefore, trial counsel's

articulated fear is not credible. (Dkt. No. 34 at 6). As an initial matter, trial counsel did not, as Petitioner asserts, admit that Hollins' statement was not "very divergent" from Petitioners. This is the exchange between Petitioner's counsel at the PCR hearing, who is also Petitioner's counsel in this habeas proceeding, and trial counsel:

> Q. Okay. So really Kerry Hollins' testimony and his statements that you had in discovery were not divergent with [Petitioner's] version, except for who called who [sic] about the idea to begin with. Except for the lick thing. That's–I realize the lick thing's a problem. I think it's a big problem. That's why I'm raising it. But except for that his version and her version are really not very different —
>
> A. Sure. Sure.
>
> Q. — except for who called who?

(Dkt. No. 13-5 at 176). Trial counsel admitted that the statements were not very different *except* for the "big problem" with the "lick thing" and the fact that Petitioner stated Hollins called her and Hollins stated that Petitioner contacted him and suggested she had a "lick" for him. (*See id.*). "For a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). The Court finds no stark and clear error in the PCR court's determination that trial counsel was credible.

Therefore, for the reasons stated above, the Court adopts this portion of the R&R and grants summary judgment on this ground.

**E. Ground Three**

In Ground Three, Petitioner alleges that trial counsel was ineffective for failing to object to every time the State elicited testimony that "lick" constituted an armed robbery. The PCR court found that trial counsel had no basis to object to this testimony. (Dkt. No. 13-5 at 381). This Court agrees. Hollins testified that Petitioner told him she had "lick" for him, and the trial

court would have allowed him to explain the term, even if Petitioner had objected. Petitioner states that the PCR court's position is contrary to *State v. Page*, 378 S.C. 476 (S.C. Ct. App. 2008). In *State v. Page*, a witness testified that "making a lick" was slang for "coming up on some extra money, doing something to come up with some extra money some way or somehow." *Id.* at 479. In *State v. Page*, the court allowed this testimony, and nothing in the case suggests a proper evidentiary objection to such testimony. The Court finds that the PCR court's application of *Strickland* was reasonable, adopts this portion of the R&R, and grants summary judgment on this ground.

## F. Ground Four

In Ground Four, Petitioner alleges that trial counsel was ineffective for failing to adequately argue her directed verdict motion. The PCR court found that "counsel zealously argued on [Petitioner's] behalf, but the trial court found that there was enough evidence to submit the case to a jury." (Dkt. No. 13-5 at 381).

Petitioner argues that the evidence at trial established she was present during "some portion" of the acts committed by her co-defendants and that because lack of presence is an element of accessory, she could not be convicted as an accessory. (Dkt. No. 34 at 8-9). Specifically, Petitioner argues that her testimony and that of her friend established that she was present at the friend's apartment, where the victim was "initially attacked and grabbed by the co-defendants." (Dkt. No. 23 at 21). However, she admits that evidence did not establish where the robbery took place, and, thus, it is only "possible" that she was actually present for the robbery but also possible she was not. Petitioner never argues she was actually present during the shooting and killing of the victim. (*Id.*). The State only pursued charges of, and Petitioner was

only convicted of, accessory to armed robbery and accessory to murder. She was not convicted of accessory to kidnapping or accessory to assault and battery. The fact that Petitioner testified that she was present for the "initial[] attack" and kidnapping of the victim, does not prove she was present for the robbery and murder.

The Court finds that the PCR court's application of *Strickland* reasonable, adopts this portion of the R&R, and grants summary judgment on this ground.

**G. Ground Five**

In Ground Five, Petitioner alleges that trial counsel was ineffective for advising her not to take the stand and for advising her that he would retain last argument by not presenting a defense. (Dkt. No. 1-1 at 17). Petitioner's argument is based on the fact that Petitioner and her co-defendants lost the right to last argument when a co-defendant put a single exhibit into evidence during the prosecution's case-in-chief. Trial counsel testified that he did not believe this action would cost defendants last argument and was surprised by the trial court's ruling. (Dkt. No. 13-5 at 212). Trial counsel objected to the ruling. (Dkt. No. 13-4 at 38).

The PCR court found trial counsel was not ineffective. (Dkt. No. 13-5 at 405). It found that trial counsel had reasons for advising Petitioner not to testify other than reserving last argument, including how Petitioner would handle cross-examination from two strong prosecutors and that if a co-defendant's pending murder charges came out then the jury might have believed it foreseeable that someone would get killed in the robbery. (*Id.*) Petitioner asserts that trial counsel's reasons are not credible and refuted by the record, but Petitioner does not cite to any specific citations to the record. (Dkt. No. 34 at 9, 11). This Court must give deference to the

PCR court's findings, and Petitioner has not rebutted the PCR court's findings with clear and convincing evidence.

The PCR court also found that it was ultimately Petitioner's decision not to testify, that Petitioner never told trial counsel that she wanted to testify, and that "counsel's discussions with [Petitioner], or lack thereof, regarding last argument did not affect the outcome of trial." (Dkt. No. 13-5 at 405). Petitioner takes issue with the Magistrate Judge's statement that she conceded she never told trial counsel that she wanted to testify. (Dkt. No. 34 at 12). When asked whether she ever told her trial counsel she wanted to testify, Petitioner responded "we never discussed it." (*Id.*). While Petitioner may quibble with whether this testimony is a concession, it not clear and convincing evidence rebutting the PCR court's finding that Petitioner, in fact, never told trial counsel she wanted to testify. While Petitioner testified at the PCR hearing that her reluctance to testify was based on reserving last argument, the PCR court was not obligated to believe this testimony. Furthermore, even if Petitioner's reluctance was based on reserving last argument, there is no evidence that trial counsel had any knowledge of this.

The PCR court ultimately found that counsel's discussions with Petitioner, or lack thereof, regarding last argument did not affect the outcome of the trial. Petitioner has not put forward clear and convincing evidence to rebut this finding or show it was unreasonable. Petitioner has not pointed to U.S. Supreme Court case with facts that were materially indistinguishable from those faced by the PCR court but that arrived at a different result. Therefore, the Court finds that the PCR court's application of *Strickland* was reasonable, adopts this portion of the R&R, and grants summary judgment on this ground.

**H. Ground Six**

In Ground Six, Petitioner argues trial counsel was ineffective for failing to request an instruction on accessary to strong arm robbery and for failing to request a different instruction on accomplice liability and/or object to the accomplice liability instruction given.

With regard to the first issue, the PCR court found that trial counsel was not ineffective for failing to request an instruction on accessary to strong arm robbery. (Dkt. No. 13-5 at 402). Counsel for co-defendants requested an instruction on strong arm robbery, and the trial court declined to charge strong arm robbery because there was no evidence in the record that the incident took place without weapons. (*Id.*). The PCR court found that it was unlikely that the trial court would have charged accessory before the fact to strong arm robbery, given this ruling. (*Id.*). As the Magistrate Judge pointed out, under South Carolina law, an accessory may not be convicted if a principal is not convicted of the crime. (Dkt. No. 25 at 43 (citing cases)). There cannot be an accessory to strong arm robbery if there was no strong arm robbery. Petitioner argues that a charge of accessory to strong arm robbery should be given under these circumstances, even if the principal crime of strong arm robbery is not charged. However, Petitioner admits that she cannot find a case on point. (Dkt. No. 34 at 14). Whatever the Court might find on this question in the first instance, the Court cannot find trial counsel was ineffective under *Strickland* for failing to raise this apparently novel argument. Nor has Petitioner presented clear and convincing evidence to rebut the PCR court's finding that the trial court would likely have not allowed the instruction. The Court finds the PCR court's application of *Strickland* reasonable.

-11-

With regard to trial counsel's failure to object to the trial court's instructions on accomplice liability and foreseeability or offer his own, the PCR court found that "[t]he instruction given on accomplice liability and foreseeability were standard and appropriate," and that trial counsel was not deficient for failing to object to the trial court's instructions or failing present a different instruction. (Dkt. No. 13-5 at 402-03). The Petitioner's assertion to the contrary does not show the PCR court's determination unreasonable.

Therefore, the Court finds that the PCR court's application of *Strickland* was reasonable, adopts this portion of the R&R, and grants summary judgment on this ground.

## I. Ground Seven

In Ground Seven, Petitioner alleges that trial counsel was ineffective for failing to make a particular argument in closing and for failing to object to a statement in the prosecution's closing argument. The PCR court found that trial counsel was not ineffective on these two grounds, and the Magistrate Judge found the PCR court reasonably applied *Strickland* with regard to these two allegations.

Petitioner does not object to the Magistrate Judge's finding with regard to trial counsel's closing argument. (Dkt. No. 34 at 16). The Court agrees with the Magistrate Judge that the PCR court's application of *Strickland* with regard to trial counsel's closing was reasonable and adopts that portion of the R&R

Petitioner does object to the Magistrate Judge's finding with regard to the second allegation. In closing argument, the prosecutor stated, "if the victim was killed in the course of another felony, then his death is murder. End of story." (Dkt. No. 13-4 at 100). Petitioner argues that trial counsel should have objected to this statement because it shifted the burden of

proof for malice to the defendants. The PCR court found that Petitioner was not prejudiced by trial counsel's failure to object because the trial court properly charged the jury on malice and cured any potential defect: "I further instruct you that if one intentionally kills another during the commission of a felony, the inference of malice *may* arise . . ." (Dkt. No. 25 at 45) (emphasis added by PCR court).

This Court agrees with the Magistrate Judge that Petitioner has not established that she was prejudiced from trial counsel's failure to object and that the PCR court's decision was contrary to or an unreasonable application of Supreme Court precedent. Therefore, the Court adopts this portion of the R&R and grants summary judgment on this ground.

## J. Ground Eight

In Ground Eight, Petitioner argues that trial counsel was ineffective for failing to argue in opening statements that murder was not a foreseeable consequence of any agreement between her and her co-defendants. The PCR court found that trial counsel made a proper opening argument. (Dkt. No. 13-5 at 404). It found that trial counsel did argue that "it was the jury's duty to decide whether these crimes were committed and whether they were the natural consequences of [Petitioner's] actions" and that trial counsel testified that "he did not want to overemphasize the murder in his opening statement." (*Id.*).

As Petitioner admits, trial counsel did make this argument with regard to armed robbery: "part of this is y'all have got to decide whether there was an armed robbery and what she contemplated. Because [a] certain crime occurred doesn't necessarily mean that she contemplated it. And again, . . . it's got to be a natural consequence." (Dkt. No. 13-1 at 131).

And, as Petitioner admits,[2] trial counsel also made the more general argument that "[a]side from just proving that crimes occurred you kind of have a secondary–with accessory, a secondary function is that you've got to determine what she knew or should have known." (*Id.*). Indeed, trial counsel emphasized this point:

> Ladies and gentlemen, I would ask that you would listen very carefully. I would ask that you would weigh in. People are held responsible for what they do. You don't hold them responsible for everything that happens after that. At some point it's just too far beyond what you can forsee.
> .... but the focus is: What did these people do? What did they know or should have known? And I would ask that you would just listen to the evidence or take what either side says, filter through your experience: "If that were me, would I know or should have known?

(*Id.* at 131-32).

Petitioner argues that because trial counsel made the specific point with regard to armed robbery but not murder, the jury could have interpreted trial counsel's opening statement as an admission of the fact that murder should be foreseen as a probable consequence of armed robbery. (Dkt. No. 34 at 19). This Court finds it highly unlikely that the jury construed trial counsel's opening statement as such an admission.

The Court finds that the PCR court's application of *Strickland* was reasonable, adopts this portion of the R&R, and grants summary judgment on this ground.

**K. Ground Nine**

In Ground Nine, Petitioner argues that appellate counsel was ineffective for not raising two issues on direct appeal: 1) that the lower court erred by denying Petitioner's motion for directed verdict and 2) that the lower court erred by charging the jury that the State must prove

---

[2] (*See* Dkt. No. 34 at 19).

beyond a reasonable doubt that Petitioner aided and abetted another person to "commit *a crime*," as opposed to "commit the specific crimes charged."

The PCR court found the following facts in relation to this claim:

> This Court finds that appellate counsel and co-counsel are experienced appellate attorneys. This Court finds that appellate counsel properly chose to brief the issues that she and her co-counsel believed were the most meritorious. Appellate counsel testified that she and her former employer Tommy Thomas, Esquire, each read the trial transcript, looked for issues that were preserved for appeal, and debated which issues were the best issues to raise. She testified that she drafted an argument on the directed verdict issue, but she ultimately decided that it was not their strongest issue. Appellate counsel also testified that she and Mr. Thomas agreed with the trial court that guns were involved so strong arm robbery should not have been charged. She testified that she and Mr. Thomas discussed all the issues that were preserved and chose not to raise the issue about lower court's charge to the jury that the State would only have to prove that the Applicant aided and abetted another person "to commit a crime." This Court finds that Applicant has failed to show that appellate counsel's representation was deficient.

(Dkt. No. 13-5 at 408).

The Court finds the PCR court's application of *Strickland* reasonable. "Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit" *United States v. Mason*, 774 F.3d 824, 828-29 (4th Cir. 2014) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 514 (2015). "As a general matter, only when ignored issues are clearly stronger than those presented," should a court find ineffective assistance for failure to pursue claims on appeal. *Id.* at 829 (internal quotation marks omitted). Furthermore, there is a presumption that "appellate counsel decided which issues were most likely to afford relief on appeal." *Id.* at 828 (internal quotation marks omitted).

Petitioner argues that the decision of the Court of Appeals and appellate counsel's decision not to seek review by the South Carolina Supreme Court indicates that the issues

actually presented on appeal were not strong. (Dkt. No. 34 at 23). Even if true, these facts do not indicate that the issues pointed out by Petitioner were stronger than those actually raised by appellate counsel. Likewise, the fact that appellate counsel stated there was a "valid argument" on the jury charge issue in no way indicates that this argument was stronger than those arguments actually raised.

Therefore, the Court finds that the PCR court's application of *Strickland* was reasonable, adopts this portion of the R&R, and grants summary judgment on this ground.

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 25), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 14), and **DISMISSES** the habeas petition with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

September 16, 2014
Charleston, South Carolina